**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 53020 & 53021**

| | |
|---|---|
| STATE OF IDAHO,<br><br>        Plaintiff-Respondent,<br><br>v.<br><br>DAMIEN ALLEN PHELPS,<br><br>        Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Filed:  August 11, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. R. William Hancock, District Judge.

Judgment of conviction and unified sentence of thirty years, with a minimum period of incarceration of fifteen years, for rape, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; LORELLO, Judge
and FLEMING, Judge

---

PER CURIAM

This appeal involves two consolidated cases.  In Docket No. 53020, Damien Allen Phelps pleaded guilty to rape, Idaho Code § 18-6101, and two counts of sexual exploitation of a child, I.C. § 18-1507(2)(a), (c).  In Docket No. 53021, Phelps pleaded guilty to rape, I.C. § 18-6101, and sexual abuse of a child under the age of sixteen years, I.C. § 18-1506.  Pursuant to a plea agreement encompassing both cases, Phelps agreed to plead guilty to the above charges and waive his right to file an Idaho Criminal Rule 35 motion or an appeal of any issues "including all matters involving the plea or the sentence," and the State agreed to dismiss additional charges and recommend a sentence of twenty years, with ten years determinate.  The plea agreement allowed Phelps to appeal

the sentence "if the Court exceeds the recommendation made by the State at sentencing regarding: (1) the determinate portion of the sentence, and/or (2) a probation recommendation, and/or (3) a retained jurisdiction recommendation."

In Docket No. 53020, the district court imposed an aggregate sentence of twenty years, with a minimum period of incarceration of ten years. In Docket No. 53021, the district court imposed a unified sentence of thirty years, with a minimum period of incarceration of fifteen years, for rape and a unified sentence of twenty years, with a minimum period of incarceration of ten years, for sexual abuse of a child. The district court ordered the sentences in Docket No. 53021 to run concurrently with each other and with the sentences in Docket No. 53020. Phelps appeals, challenging only his thirty-year sentence for rape, contending his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in these cases, we cannot say that the district court abused its discretion. Therefore, Phelps' judgment of conviction and sentence is affirmed.